# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMCO INSURANCE COMPANY, a corporation,<br><br>        Plaintiff,<br><br>  v.<br><br>ABBY FARMS, INC., dba MERCADO DEL VALLE, a California Corporation,<br><br>        Defendant.<br><br>ABBY FARM INC., dba MERCADO DEL VALLE, a California Corporation,<br><br>        Counterclaimant,<br><br>  v.<br><br>AMCO INSURANCE COMPANY, a Corporation, DOES 1-20,<br><br>        Counterdefendant. | 1:08-cv-1684 LJO GSA<br><br>ORDER GRANTING MOTION TO COMPEL<br><br>(Document 34) |

## I. INTRODUCTION

On January 5, 2010, Plaintiff and Counterdefendant, Amco Insurance Company, (hereinafter "Amco" or "Plaintiff") filed a Motion to Compel based on Defendant and

Counterclaimant, Abby Farm's Inc., (hereinafter, "Abby Farms" or "Defendant") lack of compliance with discovery requests including Abby Farm's failure to respond to Special Interrogatories, and a Request for Production of Documents. The motion also requests monetary sanctions. Plaintiff did not file an opposition to the motion. On February 3, 2010, Amco filed notice that they had not received an opposition to the motion. (Doc. 36).

The matter was set for hearing on February 5, 2010 at 9:30 am. Based on a review of the pleadings, the Court determined that the matter was suitable for decision without oral argument pursuant to Local Rule 230(g). Upon consideration of the pleadings, Amco's Motion to Compel is GRANTED.

## II.    RELEVANT PROCEDURAL HISTORY

The present action arises out of a claim for insurance benefits stemming from a fire which occurred at the business of Abby Farms. Amco issued a Premier Businessowners policy to Abby Farms. On April 10, 2007, a fire caused substantial damage to Abby Farm's grocery store. Abby Farms submitted a claim to Amco for $325,000 for loss of income/profit and loss of business and personal property. Amco contends that the claim was grossly inflated and that Abby Farm's management and employees set the fire. Amco filed the instant action requesting declaratory relief on November 4, 2008. (Doc. 1).[1] Abby Farms filed an answer and counterclaim on June 22, 2009. (Doc. 24).

On July 6, 2009, this Court issued a scheduling order requiring the parties exchange initial disclosures on July 15, 2009. (Doc. 28). The Court also set the non-expert discovery deadline for January 29, 2010. Pursuant to the parties' stipulation, this Court extended the deadline for Amco to serve its initial disclosures until July 25, 2009. (Doc. 29). However, the non-expert discovery deadline was not altered. Plaintiff filed the instant Motion to Compel on January 15, 2010, so the motion is timely filed.

///

///

---

[1] Defendant filed a Motion to Dismiss on April 27, 2009 which was denied on May 28, 2009.

2

## III.   THE MOTION TO COMPEL

### A.   The Requested Discovery

Acmo contends that it served Abby Farm's counsel with its Rule 26 initial disclosures on June 26, 2009. Declaration of Dana Denno, Esq. ("Denno Decl.) dated January 5, 2010 at pg. 2. On July 15, 2009, Amco stipulated to extend the deadline for Abby Farm's Rule 26 disclosures until July 25, 2009. *Id*. However, the initial disclosures were not received. *Id*. Amco's counsel contacted Abby's Farm's counsel twice in August inquiring about the status of the disclosures but received no response. *Id*.

On August 14, 2009, Amco propounded numerous discovery requests including: 1) Plaintiff's Special Interrogatories, Set One, 2) Counterdefendant's Special Interrogatories, Set One, and 3) Plaintiff's request for Production of Documents. *Id*. The responses to the discovery were due on September 17, 2009. *Id*. Amco received a call from Abby Farm's counsel on September 16, 2009, requesting an extension of time to respond to the requests until October 1, 2009. Amco agreed to the extension. *Id*.

On September 16, 2009, Abby Farms provided unverified responses to Amco's request for admissions. *Id*. Having received no other responses, Amco wrote Abby Farm's counsel a letter on October 29, 2009, again attempting to obtain compliance with the discovery requests. *Id*. On November 2, 2009, Amco received Abby Farm's initial disclosures but none of the documents identified therein were provided, nor have they been provided. *Id*.

Similarly, on November 3, 2009, Amco received Abby Farm's responses to Special Interrogatories, Set One, as well as an e-mail indicating the Request for Production of Documents would be completed the next day. Denno Decl. at pg. 3. When Amco did not receive the materials as promised, it sent another e-mail to Abby Farm's counsel who indicated that the responses would be sent shortly. Id. To date, Amco has not received any additional responses from Abby Farm's counsel despite two additional attempts to contact counsel regarding the discovery requests in December 2009. *Id*.

### B.   Remedies requested:

Amco requests the following remedies:

3

1.     An order compelling Abby Farms to provide written responses to Amco's Special Interrogatories, Set One, and Amco's Requests for Production, Set One; and

2.     Monetary sanctions requiring Abby Farm to pay reasonable expenses incurred in bringing the Motion to Compel in the amount of $1020.00.

## IV. ANALYSIS & DISCUSSION

### Scope Of Discovery

F.R.Civ.P. 26(b) establishes the scope of discovery and states in pertinent part:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

"The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D 281, 283 (C.D. Cal. 1998); *Nestle Foods Corp. v. Aetna Casualty & Surety Co.*, 135 F.R.D. 101, 104 (D. N.J. 1990).

Here, Abby Farms was served various forms of written discovery which are authorized by the Federal Code of Civil Procedure. Amco indicates that it received responses to Plaintiff's Special Interrogatories, Set One, however, it is unclear whether the responses were complete. In any event, Amco did not receive adequate responses to all of the written discovery requests.

### Discovery Sanctions

Fed. R. Civ. P. 33(b)(1)(B) requires that unless otherwise agreed upon, the responding party must serve its answers and any objections to interrogatories within thirty days after being served. Additionally, Fed. R. Civ. P. 33(b)(3) and (5) requires that each interrogatory, "to the extent it is not objected to, be answered separately and fully in writing and under oath" and signed by the answering party. Any untimely objection to the interrogatory is waived unless the court excuses the failure for good cause. Fed. R. Civ. P. 33(b)(4). Finally, Fed. R. Civ. P. 34(b)(2)(B) requires that parties answering requests for production of documents "either state that inspection and related activities will be permitted as requested or state an objection to the request including

the reasons" in each response.

A party seeking discovery may move for an order compelling an answer if a party fails to respond to interrogatories under Rule 33 or permit inspection as requested under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iv). If the motion is granted, or if the discovery is provided after the motion is filed, the court may require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney fees. Fed. R. Civ. P. 37(5)(A). However, the court must not order payment if the movant filed the motion before attempting in good faith to obtain the discovery without a court order, if the opposing party's non-disclosure, response or objection was substantially justified, or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(5)(A)(i-iii).

Here, Abby Farms did not provide adequate responses to the Interrogatories and the Request for Production of Documents despite Amco's numerous attempt to meet and confer. Moreover, Abby Farms has not filed an opposition to this motion indicating its non-compliance was substantially justified. Initially, Amco requested sanctions in the amount of $1170.00. In support of the initial request, Amco's counsel indicated that the firm spent a total of six hours to prepare this motion, including three hours at an hourly rate of $140.00 per hour, and three hours at a rate of 150.00 per hour. Amco also anticipated an additional $300.00 to prepare a Reply and attend the hearing. However, in its Reply, Amco reduced the billing rate by one hour and requested a total of $1,020.00, since extensive additional briefing was not required. The Court finds this request reasonable. Accordingly, the Court grants Amco's request for sanctions in the amount of $1,020.00.

## V.   CONCLUSION

Based on the above, Amco's Motion to Compel filed on January 5, 2010 is GRANTED:

1.   Defendant is ordered to serve written responses to Plaintiff's Special Interrogatories, Set One,[2] 2) Counterdefendant's Special Interrogatories, Set One, and 3) Plaintiff's request for Production of Documents no later than ten (10) days after service of

---

[2] Abby Farms shall respond to all of the Special Interrogatories to the extent that it has not already done so.

1 | this order.  Objections to the Interrogatories and the Request for Production of Documents
2 | are deemed waived; and
3 | 2.     Defendant is ORDERED to pay Plaintiff a total of $1020.00 within thirty (30) days
4 | of the date of this Order.

IT IS SO ORDERED.

**Dated:**   **February 4, 2010**            /s/ **Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE